VIRGINIA B. HOLMES

*v.*

GEORGE J. WILLIAMS.

*Opinion filed December 21, 1898—Rehearing denied February 8, 1899.*

1. GUARANTY—*guarantor released by injurious acts of guarantee.* Any act or omission by the person to whom a guaranty is given which is inconsistent with and injurious to the rights of the guarantor releases the latter's liability to the extent of the injury occasioned.

2. SAME—*one taking guaranteed notes, secured by mortgage, as collateral, must be diligent in their management.* One to whom guaranteed notes, together with a chattel mortgage securing them, are assigned as collateral security for a loan from him to the payee must use proper diligence and care in the management of such notes and mortgage, in order that the guarantor may have the benefit of their avails.

3. SAME—*what will discharge obligation of assignee of mortgage to the guarantor of notes secured.* A sale of mortgaged chattels, if fairly made, under foreclosure by one to whom the mortgage and notes thereby secured were assigned as collateral for a loan from him to the payee, and the crediting of the proceeds on the debt, discharges the assignee's obligation to the guarantor of such notes, whatever may have been the amount realized from the sale.

4. SAME—*private sale of mortgaged chattels without knowledge of guarantor of notes secured is a release.* A private sale of mortgaged chattels by the assignee of the mortgage and the notes secured thereby, on terms of credit, thus substituting a third person as the principal debtor and as custodian of the mortgaged chattels, without the knowledge or consent of one who guaranteed the notes in order that the payee might use them as collateral to obtain a loan from the assignee, extinguishes the guarantor's liability, where the sale price exceeds the amount of the loan.

*Holmes v. Williams,* 69 Ill. App. 114, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

JOHN J. MCCLELLAN, and WILLIAM J. TEWKESBURY, for appellant.

M. SLUSSER, and KEENE H. ADDINGTON, (A. MORRIS JOHNSON, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The action below was assumpsit, by appellee, against appellant, as guarantor upon a note given by Elizabeth Wallace to Ira J. Holmes, and by Holmes assigned to appellee as collateral security on a note due from said Ira J. Holmes to appellee. The superior court (a jury having been waived) held the appellant liable as guarantor on the Wallace note to the extent of the amount due appellee on the note given him by Ira J. Holmes, and entered judgment against appellant for $744.80. The Appellate Court for the First District affirmed the judgment but granted a certificate of importance, and the appellant has perfected this appeal.

In the view we take of the case it is not necessary we should determine the contention the court erred in its rulings as to the admissibility of evidence, and in holding the proof fixed upon appellant liability as guarantor.

Ira J. Holmes held a number of notes executed by Elizabeth Wallace, aggregating about $4000, which were secured by a chattel mortgage on the furniture, etc., in the Hotel Orient, in Chicago. He borrowed $1600 from appellee, for which he gave his individual note, and as collateral security assigned to and deposited with appellee the Wallace notes and the chattel mortgage securing the payment. The signature of appellant was endorsed upon these Wallace notes, and the contention is she became liable as guarantor. The position of appellee is, appellant guaranteed the payment of the Wallace notes in order to induce him to accept them as collateral security for the amount he was about to loan to Ira J. Holmes. If that position be conceded, principles of law long and firmly established charged appellee with the duty of exercising proper care and diligence, to the end the avails of the Wallace notes and the property mortgaged to secure such notes should be applied to the payment of the amount due appellee from Ira J. Holmes. "If the person to whom a guaranty is made does any act

which injures the 'guarantor or is inconsistent with his rights, or if he fails to do an act which his duty enjoins upon him and such omission injures the guarantor, the latter is discharged to the extent of such injury." 9 Am. & Eng. Ency. of Law, 81, 82.

We think the course pursued by appellee in the management of the Wallace notes and chattel mortgage operated to relieve appellant from further liability to answer as guarantor. C. Bergensen, agent of appellee, had custody of the note given by Ira J. Holmes to appellee, and also of the Wallace notes and chattel mortgage. Prior to April 4, 1893, the indebtedness of Ira J. Holmes had been reduced to about the sum of $1187.14, and Bergensen testified that a few days prior to that date Ira J. Holmes came to him and told him he (Holmes) had taken the mortgaged property from Mrs. Wallace and sold it to one Eyster, or that he (Holmes) and Mrs. Wallace had agreed the property should be sold to one Eyster for $2500 on certain specified terms of credit, and that Eyster was to give notes and chattel mortgage on the property according to the terms and conditions agreed upon, and that he (Bergensen) drew up the notes and chattel mortgage to be executed by Eyster; that the mortgaged property was delivered to Eyster, and on the 4th day of April, 1893, Ira J. Holmes delivered to him (Bergensen) the notes and mortgage of Eyster and he (Bergensen) delivered up to Holmes the Wallace mortgage and the notes of Mrs. Wallace to the amount of about $2000, retaining, however, the note given by Mrs. Wallace for $1600, on which the action was brought against appellant as guarantor thereof; that the witness (Bergensen) and Holmes then ascertained the amount due from Holmes to appellee to be $1187.14, and that Holmes executed a note payable to witness (Bergensen) therefor, and that Bergensen surrendered to Holmes the notes formerly held against him. The appellant was not notified of the disposition thus made of the mortgaged property, nor did she consent to

or have knowledge thereof. Eyster did not pay any part of the $2500 he was to pay for the hotel property, and the mortgage given by him was foreclosed, and it appears only the sum of $329.25 was produced thereby. This sum was endorsed as a credit on the note given by Ira J. Holmes. The appellant presented to the court certain propositions, numbers 10, 11, 12 and 14, to be held as principles of law applicable to the case. The propositions in substance asked the court to hold the surrender of the Wallace note and mortgage under the circumstances hereinbefore recited, operated, as a matter of law, to discharge the appellant from liability as guarantor. But the court refused to hold such propositions stated the correct principles of law, and in so ruling, as we think, fell into error. The circuit court held appellant was not discharged as guarantor, and rendered judgment against her for $744.80, balance due on note given by Holmes to Bergensen, the agent of appellee.

The legal duty of appellee to appellant was to use proper care and diligence in the management and control of the Wallace notes and mortgage in order to secure to her the benefit of the avails thereof. He had the right, and it became his duty in the event of default in payment by Mrs. Wallace, to cause the mortgage to be foreclosed and the property sold and the proceeds thereof applied to the extinguishment of the debt due from Ira J. Holmes. That debt paid, the liability of appellant as guarantor would no longer exist, so far as appellee is concerned. A sale under foreclosure for cash, if fairly made, and the application of the proceeds of such sale as a credit on the note of Ira J. Holmes to appellee, would have fulfilled the obligations of the appellee, whether the amount of the sale was great or small. But appellee had no power, as against the appellant and without her consent, to dispose of the property at private sale or at a sale on foreclosure, on terms of credit whereby another party would be substituted for Mrs. Wallace as debtor and as the cus-

todian of the mortgaged chattels relied upon to secure the payment of the debt. Appellant could not be compelled to accept such new terms of credit and payment and such new party as the debtor or as the custodian of the property. Not having been consulted she was in nowise bound by the transaction with Eyster, whereby he became entitled to the possession of the mortgaged property and of its full ownership if he complied with certain terms and conditions fixed upon by others without her knowledge and consent. The appellee having surrendered the Wallace mortgage and consented to the sale and delivery of the mortgaged property to Eyster, must, so far as appellant is concerned, be considered to have accepted Eyster as paymaster for the amount he contracted to pay for the property, namely $2500, and should bear the risk and hazard of collecting the same, and as that sum far exceeds the amount due from Ira J. Holmes to appellee, the liability of appellant to appellee as guarantor of the Wallace notes became extinguished.

The judgment of the superior court should have been for the appellant. It is therefore reversed.

*Judgment reversed.*